**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYANDO HUGGINS | |
| Appellant | No. 3280 EDA 2019 |

Appeal from the PCRA Order entered November 4, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0202361-2005

BEFORE:  BOWES, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 14, 2020**

Appellant, Rayando Huggins, appeals from the November 4, 2019 order entered in the Court of Common Pleas of Philadelphia County, which denied without a hearing his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The factual background and the procedural history are not at issue here.[1]  Briefly, on November 18, 2004, Appellant shot and killed Eric Baylis. On January 20, 2006, a jury found Appellant guilty of first-degree murder and, on the same day, the trial court sentenced him to life in prison.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Unless otherwise noted, the factual background and procedural history of the case come from *Commonwealth v. Huggins*, No. 1363 EDA 2007, unpublished memorandum (Pa. Super. filed February 8, 2008), and *Commonwealth v. Huggins*, No. 3228 EDA 2010, unpublished memorandum (Pa. Super. filed August 4, 2011).

After his appeal was reinstated *nunc pro tunc*, Appellant filed a timely direct appeal to this Court on May 14, 2007. On February 8, 2008, we affirmed the judgment of sentence. **Huggins**, 1363 EDA 2007. Appellant filed a petition for allowance of appeal, which our Supreme Court denied on September 25, 2008. **Commonwealth v. Huggins**, 960 A.2d 837 (Pa. 2008). On February 12, 2009, Appellant filed a *pro se* PCRA petition. After appointing counsel, the PCRA court dismissed the PCRA petition on November 12, 2010. On appeal, we affirmed. **Huggins**, 3228 EDA 2010. Our Supreme Court denied Appellant's petition for allowance of appeal on December 28, 2011.

On January 19, 2018, Appellant filed a petition for *habeas corpus* relief alleging that he was illegally confined on the basis of 18 Pa.C.S.A. § 1102(a), which is unconstitutional and void under the vagueness doctrine. Subsequently, Appellant amended the *habeas corpus* petition to include a claim concerning the competency of his trial counsel.

The PCRA court, treating the *habeas corpus* petition as a PCRA petition, dismissed Appellant's petition as untimely on November 4, 2019. This appeal followed.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

Initially, we review whether Appellant's self-styled petition for *habeas corpus* relief was in the nature of a PCRA petition subject to the jurisdictional requirements of Section 9545(b).

Any petition filed after an appellant's judgment of sentence becomes final must be treated as a PCRA petition where the PCRA provides for a potential remedy. **See**, **e.g.**, **Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013) (deeming petition for *habeas corpus* relief from allegedly illegal sentence a PCRA petition because claim challenging legality of sentence is cognizable under PCRA). It is undisputed that a challenge to the legality of one's sentence is cognizable under the PCRA. **See**, **e.g.**, **Commonwealth Beck**, 848 A.2d 987, 989 (Pa. Super. 2004). Here, Appellant challenges the legality of his sentence, which, as the PCRA court did, we treat as a claim falling within the purview of the PCRA.

Similarly, claims of ineffective assistance of counsel are "cognizable under the PCRA and the writ of *habeas corpus* [is] not available." **Commonwealth v. Turner**, 80 A.3d 754, 770 (Pa. 2013) (citing **Commonwealth v. Peterkin**, 722 A.2d 638, 641 (Pa. 1998) (holding that because an untimely PCRA petition was premised on claims that were cognizable under the PCRA, the statutory writ of *habeas corpus* was unavailable)).

As both claims raised by Appellant fall within the purview of the PCRA, Appellant's petition is subject to the rules of the PCRA.

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citation omitted).

Here, the record reflects Appellant's judgment of sentence became final on December 24, 2008, ninety days after our Supreme Court denied his petition for allowance of appeal. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a); Sup. Ct. R. 13. Appellant had one year from December 24, 2008 to file a timely PCRA petition. His present petition, which was filed in 2018, is therefore facially untimely.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA.

Here, in connection with the legality of his sentence claim, Appellant did not allege or prove any of the exceptions to the PCRA's jurisdictional time bar. Accordingly, we are barred from addressing the merits of his challenge.

In connection with the competency of counsel, it appears Appellant argues that the discovery of counsel's personal, professional, and disciplinary issues qualifies as a "newly-discovered" fact. We disagree.

Appellant's argument has several defects. First, our Supreme Court has held repeatedly that petitioners cannot satisfy the newly-discovered facts exception by alleging ineffectiveness of PCRA counsel. *See*, *e.g.*, *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785-86 (Pa. 2000); *Commonwealth v. Pursell*, 749 A.2d 911 (Pa. 2000) (claims of counsel's ineffectiveness do not escape the PCRA's one-year time limitation merely because they are presented in term of current's counsel discovery of the fact); *Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000) (couching argument in terms of ineffectiveness cannot save a petition that does not fall into exception to time bar).

Second, even assuming that counsel's issues qualify as newly-discovered facts, Appellant failed to establish that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii).

Finally, Appellant failed to establish that counsel's personal, professional, and disciplinary issues affected counsel's performance and that Appellant suffered prejudice from counsel's performance. *See*, *e.g*., *Commonwealth v. Vance*, 546 A.2d 611, 638 (Pa. Super. 1988) (quoting *Berry v. King*, 765 F.2d 451, 454 (5th Cir. 1985)) ("[T]he fact that an attorney used drugs is not, in and of itself, relevant to an effective assistance claim. The critical issue is whether, for whatever reason, counsel's performance was deficient and whether the deficiency prejudiced the defendant"). In light of the foregoing, we conclude that Appellant's claims do not qualify as "newly-discovered" facts under 42 Pa.C.S.A. § 9545(b)(1)(ii).

Therefore, because Appellant filed a facially untimely PCRA petition and has failed to plead and/or prove the applicability of any exception to the PCRA time bar, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2020